IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MATT G.**,

        **Plaintiff**,

v.                                Case No.: 2:22-cv-00594

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social**
**Security Administration,**

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Presently pending before the Court is Plaintiff's Complaint seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f. (ECF No. 2). The matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the presiding district judge **DISMISS** this case and remove it from the docket of the Court.

On February 1, 2023, Defendant filed a Notice of Suggestion of Death, attaching Plaintiff's obituary, which reflects that Plaintiff died on December 30, 2022, after he filed this action. (ECF Nos. 7, 7-2 at 2-3). Plaintiff's counsel advised Defendant's counsel via

email that Plaintiff was unmarried at the time of his death, and there is no party to substitute as Plaintiff. (ECF No. 7-1 at 5). Defendant's counsel suggested that Plaintiff's counsel move to dismiss or withdraw the complaint. *Id.* However, Plaintiff's counsel expressed that he could not take any further action because the attorney-client relationship terminated upon Plaintiff's death. (*Id.* at 4).

SSI claims are extinguished upon the death of the claimant, except under two circumstances. First, "[p]ursuant to 42 U.S.C. § 1383(b)(1)(A)(i), SSI benefits owed to a deceased claimant shall be payable to a surviving spouse of the claimant if the spouse was living in the same household at the time of claimant's death or within the six months immediately preceding the month of the death." *Cline v. Colvin*, No. 2:13-CV-23194, 2015 WL 1133631, at *12 (S.D.W. Va. Mar. 12, 2015) (citing 20 C.F.R. § 416.542(b)(1) (2012)). Second, "[i]n the case of a disabled or blind child, benefits may also be payable to a parent, if the child was living with the parent at the time of his death or within the six months immediately preceding the death." *Id.* (citing 42 U.S.C. § 1383(b)(1)(A)(ii); 20 C.F.R. § 416.542(b)(2) (2012)). Importantly, surviving children and/or grandchildren are not entitled to a decedent's SSI benefits because "20 C.F.R. § 416.542(b)(4) prohibits payments to anyone other than a qualifying surviving spouse or qualifying parent." *Id.*

According to the documents filed by Defendant, Plaintiff did not have a spouse when he died, and he was an adult. (ECF Nos. 7-1 at 5, 7-2 at 2). Therefore, it appears to the undersigned that Plaintiff's claim for SSI benefits was extinguished upon his death. The undersigned ordered Plaintiff's counsel, successor, representative, or other agent to show cause, if any existed, on or before March 3, 2023 demonstrating why this action should not be dismissed as moot. (ECF No. 8). As explained in the Order, if Plaintiff has a surviving spouse who wishes to pursue this action, a motion to substitute party must be

filed within 90 days after service of the statement noting the death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The undersigned advised that failure to show cause why this case should proceed would result in a recommendation to the presiding District Judge that this action be dismissed. (ECF No. 8 at 3). Nothing further has been filed by either party or any nonparties in this action, and the time period for a spouse to file a motion to substitute party has expired. Therefore, the case must be dismissed under Rule 25(a) of the Federal Rules of Civil Procedure.

In addition, the case must be dismissed as moot. "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Mootness is jurisdictional; therefore, the court must consider it even when no party has raised the issue. *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue

throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)). The Court cannot grant any relief regarding Plaintiff's claim for review of the Commissioner's decision because Plaintiff is deceased, and no party has been substituted in his place to obtain the SSI benefits should Plaintiff prevail.

For the above reasons, the undersigned United States Magistrate Judge **FINDS** that the action must be dismissed and respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** this case and remove it from the docket of the Court. The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

4

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** June 2, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge