```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

MATT G.,

      Plaintiff,

v.                                 Civil Action No. 2:22-cv-00594

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's complaint (ECF No. 2), which was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). The magistrate judge filed her PF&R on June 2, 2023 (ECF No. 9), to which no party filed objections.

The present complaint seeks judicial review of the defendant's final administrative decision denying supplemental security income benefits to the plaintiff, pursuant to 42 U.S.C. § 405(g).

On February 1, 2023, the defendant filed a notice of suggestion of plaintiff's death on the record.  Notice of Suggestion of Death, ECF No. 7.  Affixed thereto was email correspondence between plaintiff's counsel and counsel for the Acting Commissioner, in which plaintiff's counsel informed the government that the plaintiff was unmarried at the time of death and there was no potential substitute party to the case.  ECF No. 7-1 at 5.  The Acting Commissioner also filed a copy of plaintiff's obituary, which it located on the website of a regional newspaper.  ECF No. 7-2.

In light of the plaintiff's death, on February 3, 2023, the magistrate judge issued an order to show cause why this case should not be dismissed as moot, in light of 20 C.F.R. § 416.542(b)(4), which provides that unpaid social security disability benefits owed to a deceased claimant are only payable to either a qualifying surviving spouse or to the parent of a disabled or blind child living with the claimant in the month he died or within the six months immediately preceding the month of death.  ECF No. 8 at 1-2.  The show cause order also advised that, under Fed. R. Civ. P. 25(a), any motion to substitute a party must be filed within 90 days after the service of a statement noting the death.  Id. at 2-3.

In her PF&R, the magistrate judge recommended the court dismiss this case and remove it from the docket of the court.  PF&R, ECF No. 9 at 4.  The PF&R articulated two independent findings upon which dismissal was recommended.  First, the magistrate judge found that the time for a nonparty to make a motion to substitute party upon the court had elapsed, requiring dismissal under Rule 25(a).  Id. at 3.  Second, the magistrate judge found that dismissal was required because the case was moot in light of the court's inability to grant any effective relief on account of the plaintiff's death inasmuch as the plaintiff was unmarried and an adult at the time of his death, by reason of which the plaintiff's claim was extinguished.  Id. at 2.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1);

3

see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).  Objections in this case having been due on June 20, 2023, and none having been filed, this matter may be duly adjudicated.

Rule 25(a)(1) provides that if a motion to substitute party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1), third sentence (emphasis added).  A statement noting death must be served on nonparties in accordance with Rule 4.  Fed. R. Civ. P. 25(a)(3). "[S]ervice on decedent's counsel alone [is] inadequate to commence running of the 90-day substitution period."  Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir. 1985).  Personal service is required upon the decedent's successor or personal representative as the appropriate nonparty under the Rule.  Id. at 962.  While it may sometimes prove difficult to determine whom to serve, "it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."  Id.

Inasmuch as there is no indication that the Acting Commissioner has effectuated service in accordance with Rule 4 upon the decedent's personal representative, the court cannot conclude that the substitution period has yet commenced.  The court does, however, concur with the magistrate judge's alternative finding that this court lacks subject matter jurisdiction to proceed with this matter on account of mootness and the court's inability to grant any relief.

Accordingly, it is ORDERED that: the magistrate judge's proposed finding as to the mootness of this claim be, and hereby is, adopted by the court and incorporated herein; and this civil action be, and hereby is, dismissed from the docket of this court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: July 13, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge